**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 242 PARTNERS, L.P., D/B/A JAMES COHAN GALLERY AND AXA ART INSURANCE CORPORATION, | Case No:  12 CV 2561 (HB) |
| Plaintiffs, | ECF CASE |
| -against- | |
| SEAN GELB, | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE PLAINTIFFS' DECLARATORY ACTION

Dated:  April 27, 2012

Brooke Terpening, Esq.
FBN: 59574
The Lenamon Law Firm
100 N. Biscayne Blvd, Suite 3070
Miami, FL 33132
Phone: 305.373.9911 x109
Fax: 786.425.2380
E-mail: brooke@lenamonlaw.com

*Attorney for Sean Gelb*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................... ii

TABLE OF EXHIBITS ............................................................................................... iv

PRELIMINARY STATEMENT ................................................................................. 1

THE PARTIES ............................................................................................................ 1

FACTUAL BACKGROUND ..................................................................................... 2

PROCEDURAL BACKGROUND ............................................................................. 4

GROUNDS FOR DISMISSAL OF THE COMPLAINT .......................................... 5

MEMORANDUM OF LAW ...................................................................................... 7

   I.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL
         JURISDICTION PURSUANT TO RULE 12(b)(2) ......................................... 8

      A.   The Consignment between GELB and the GALLERY does not establish
           personal jurisdiction over GELB. .................................................. 9

      B.   The Insurance Contract between AXA and 242 does not establish personal
           jurisdiction over GELB. .................................................................. 10

   II.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT
         MATTER JURISDICTION PURSUANT TO RULE 12(b)(1) ..................... 12

   III.  THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT
         SERVICE OF PROCESS PURSUANT TO RULE 12(b)(5) ........................ 13

   IV.   THE COMPLAINT SHOULD BE DISMISSED *WITH PREJUDICE* FOR
         FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED
         PURSUANT TO RULE 12(b)(6) ................................................... 14

      A.   The Plaintiffs have No Privity and No Standing to seek a Declaratory Action
           against GELB .............................................................................. 14

      B.   The Complaint should be dismissed because Declaratory Actions do not win the
           race to the courthouse .................................................................. 18

CONCLUSION ......................................................................................................... 22

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Bravia Capital Partners, Inc. v. Fike, 2010 WL 3359470 (S.D.N.Y. Aug. 25, 2010) . 7, 15, 20

CutCo Indus. v. Naughton, 806 F.2d 361 (2d Cir. 1986) ................................................. 11

Daewoo Int'l (America) Corp. v. Orion Eng'g and Serv. Inc., 2003 WL 22400198 (S.D.N.Y. Oct. 20, 2003) ................................................................................. 8, 10

Dogan v. Harbert Const. Corp., 507 F.Supp. 254 (S.D.N.Y. 1980) ................................... 9

Factors Etc., Inc. v Pro Arts, Inc., 579 F.2d 215 (2d Cir. 1978) ................................ 19, 20

Fed. Home Loan Mortg. Corp. v. 666 St. Nicholas Assoc., 1995 WL628998 (S.D.N.Y. Oct. 25, 1995) ............................................................................................ 13

Great Am. Ins. Co. v Houston Gen. Ins. Co., 735 F. Supp. 581 (S.D.N.Y. 1990) 8, 16, 19, 20

Hartford Fire Insurance Co. v. Mitlof, 123 F.Supp.2d 762 (S.D.N.Y. 2000) ................... 17

Historical Design, Inc. v. AXA Art, 907 NYS2d 437 (NY Sup Ct, New York County 2010) ........................................................................................................ 11, 15

JLB Equities, Inc. v. Ocwen Fin. Corp., 131 F. Supp.2d 544 (S.D.N.Y. 2001) . 8, 9, 10, 11

Landoil Res. Corp. v. Alexander & Alexander Serv., Inc., 918 F.2d 1039 (2d. Cir. 1990) 9

McCormack v. Goldstein, 611 N.Y.S.2d 185 (1st Dep't. 1994) ....................................... 13

McGowan v. Smith, 52 N.Y.2d 268 (4th Dep't. 1981) ....................................................... 9

Moleon v. Kreisler Bork Florman Gen. Constr. Co., Inc., 304 AD.2d 337(N.Y. 1st Dept. 2003) .......................................................................................................... 15

NAP, Inc. v. Shuttletex, Inc., 112 F.Supp.2d 369 (S.D.N.Y. 2000) ........................... 16, 17

O'Donnell, Fox & Gartner v R-2000 Corp., 198 A.D.2d 154 (1st Dep't. 1993) .............. 14

Papasan v. Allain, 478 U.S. 265 (1986) ............................................................................ 7

Prince of Peace Enter., Inc. v. Top Quality Food Market, LLC, 760 F. Supp.2d 384 (N.Y.S.D. 2011) ............................................................................................... 15

Reliance Audio Visual Corp. v. Bronson, 534 N.Y.S.2d 313 (N.Y. City Civ. Ct. 1988). 13

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938) .......................... 12, 13

Sturge v. Diversified Transport Corp., 772 F.Supp. 183 (S.D.N.Y. 1991) ...................... 20

Vargas v. Boston Chicken, Inc., 269 F.Supp.2d 92 (E.D.N.Y. 2003) .............................. 17

Warner-Jenkinson Co. v Allied Chemical Corp., 567 F.2d 184 (2d Cir. 1977) ............... 16

## Statutes

28 U.S.C. §1332(a) .......................................................................... 5, 6, 12, 13

28 U.S.C. §2201 .......................................................................................... 6, 16

N.Y. Ins. Law § 3420 ............................................................................... passim

N.Y.C.P.L.R. §302(a)(1) .................................................................. 8, 9, 10, 12

## Rules

Fed. R. Civ. P. 11 ............................................................................................. 4

FED. R. CIV. P. 12(b)(1) ............................................................................. 6, 13

FED. R. CIV. P. 12(b)(2) .......................................................................... 5, 10, 12

FED. R. CIV. P. 12(b)(5) ............................................................................. 6, 14

Fed. R. Civ. P. 12(b)(6) ................................................................................... 7

# **TABLE OF EXHIBITS**

EX.  A ………. Consignment Agreement between GALLERY and GELB

EX.  B ………. e-mail from GALLERY confirming damage to GELB's SCULPTURE

EX.  C ………. April 2, 2012 Demand Letter and Unfiled Complaint to GALLERY

EX.  D ………. April 4, 2012 Letter from John R. Cahill, Esq. re: NY Law Suit

EX.  E ………. Complaint filed by GELB against GALLERY in SD Florida (Miami)

EX.  F ………. Affidavit of GELB's Lobby Desk Agent

EX. G ………. April 9, 2012 Letter from John R. Cahill,, Esq. alleging service
             and threatening Rule 11 Sanctions

## PRELIMINARY STATEMENT

Defendant, SEAN GELB, ("GELB"), through his undersigned attorney and Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, files his Motion to Dismiss the Plaintiffs' Complaint *with Prejudice* for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, Insufficient Service of Process, and Failure to State a Claim Upon Which Relief Can Be Granted.  GELB has filed his Declaration in Support of this motion and in furtherance states as follows:

## THE PARTIES

1.      Co-Plaintiff 242 PARTNERS, L.P. d/b/a James Cohan Gallery[1], ("242"), is believed be a company organized under the laws of the State of New York based on the Plaintiffs Complaint, (see Pls.' Compl. ¶ 1, ECF No. 1)[2], and the Declaration of James Cohan, (see Cohan Decl. ¶¶ 1, 12, ECF No. 5). James Cohan Gallery is located at 533 West 26th Street, NY, NY 10001 and in Shanghai, China.

2.      Co-Plaintiff, AXA ART INSURANCE CORPORATION ("AXA") is believed to be a company organized under the laws of the state of New York with its principle place of business located at 3 West 35th Street, 11th Floor, NY, NY, 10001.

3.      Defendant, GELB, is a citizen of the State of Florida with his residence at 55 SE 6th Street, # 3708, Miami FL 33131. GELB is also the owner of the damaged

---

[1] A search of the NY Division of Corporations web site for James Cohan Gallery reveals only James Cohan Gallery, LLC, with a service address at 35 Prospect Park West, Brooklyn, NY, 11215.  The address is also the home address for James and Jane Cohan, owners and operators of James Cohan Gallery.  The listing for 242 Partners makes no references to the Gallery or its proprietors.
[2] References to the docket follow Harvard Bluebook Edition 19.

artwork, a sculpture by Roxy Paine, ("SCULPTURE"), that is the subject of a dispute between himself and an art gallery, James Cohan Gallery.

## FACTUAL BACKGROUND

4.      On January 13, 2012, an entity named James Cohan Gallery (the "GALLERY"), after soliciting and negotiating with GELB by phone and e-mail, provided GELB, via e-mail, with a proposed Consignment Agreement between GELB and the GALLERY.

5.      On January 13, 2012, GELB executed and entered into the Consignment Agreement with the GALLERY.   GELB then returned the executed Consignment Agreement to the GALLERY via e-mail. (See Ex. A).

6.      GELB did not enter into a contractual agreement with 242 or AXA.

7.      The Agreement does not name Plaintiff, 242, as a party to the Agreement, and nowhere in the Agreement is 242 identified or mentioned. The Agreement, drafted by the GALLERY, lists six (6) brief terms. It is noteworthy that the Agreement:

     a.  Does not limit GELB's rights to recovery in the event of damage to his SCULPTURE;

     b.   Does not create or ratify any contractual relationship between GELB and AXA. Further, AXA is never named; and,

     c.  Does not require that GELB must accept the SCULPTURE back in damaged, restored, repaired, or otherwise value-diminished condition in the event the Gallery causes damage to his SCULPTURE.

The Agreement does provide that the GALLERY will assume complete "wall to wall" responsibility and will obtain partial loss indemnification from its unnamed insurer. (See Ex. A).

8.      On March 8, 2012, the GALLERY communicated to GELB by telephone and e-mail, advising that the GALLERY damaged his SCULPTURE. (See Ex. B).

9.      On April 2, 2012, GELB sent the GALLERY a demand letter which included a draft copy of an unfiled complaint and instructing of his intent to bring suit on April 5, 2012 in the United States District Court in the Southern District of Florida for damages caused to his SCULPTURE by the GALLERY. (See Ex. C).

10.     On April 3, 2012, Plaintiff 242 and its alleged insurer and Co-Plaintiff AXA raced to this Court to file their factually and legally unsubstantiated declaratory action in an apparent attempt to avoid the forum of GELB's pending valid suit for damages against the GALLERY.

11.     On April 4, 2012, the Plaintiffs contacted GELB's undersigned attorney via e-mail at the close of business to inform that they had filed this action; however, they elected not to provide a copy of their lawsuit and the cited case style was incorrectly transposed. (See Ex. D).  The Complaint did not appear on the docket until April 5, 2012. (See Docket, ECF No. 1).

12.     On April 5, 2012, GELB filed suit against the GALLERY in the United States District Court for the Southern District of Florida. (See Ex. E).

13.     On the afternoon of April 6, 2012, while GELB was away from his residence attending Passover Holiday Seder, the Plaintiffs' process server delivered a

sealed and unmarked envelope with unidentified contents to a Desk Agent in the lobby of GELB's apartment building in Miami. (See Ex. F).

14.     On April 9, 2012, Plaintiffs' counsel informed the undersigned attorney that service of process had been executed pursuant to New York Law. (See Ex. G). The Letter also warned the undersigned attorney that Rule 11 sanctions would be pursued if the law suit in Florida was not withdrawn in 21 days.

## PROCEDURAL BACKGROUND

15.     On April 4, 2012, the Plaintiffs filed a Complaint for Declaratory Judgment against GELB, in which the Plaintiffs seeks to limit and deny GELB his lawful right to seek recovery for the full extent of his damages from the GALLERY. The claim is based on an insurance contract that exists solely between the Plaintiffs, 242 and AXA.

16.     GELB first learned of the apparent existence of an entity known as 242 after he was advised of the lawsuit and his attorney was able to locate the Plaintiffs complaint on PACER.

17.     GELB is not a party to the alleged AXA Insurance Contract which is the subject of this cause of action.

18.     In their Complaint, the Plaintiffs twice assert that the actual amount in controversy is "$150 to $250." The prayer for relief, part (a), demands judgment in that amount. (See Pls.' Compl. ¶¶ 14, 20 and Prayer for Relief).

19.     On April 12, 2012, three days after serving the Rule 11 warning and more than two weeks before any response to the Complaint is allegedly due, the Plaintiffs' filed a Motion to Enjoin GELB's Southern District of Florida Complaint.

20.     The Plaintiffs' Declaratory Action Complaint should be dismissed for lack of personal jurisdiction, lack of subject matter jurisdiction, insufficient service of process, and failure to state a cause of action.

## <u>GROUNDS FOR DISMISSAL OF THE COMPLAINT</u>

21.     The Plaintiffs erroneously allege that there is a Consignment Agreement between 242 and GELB.

22.     The Plaintiffs erroneously allege that GELB is subject to personal jurisdiction in this Court for the declaratory action based on an alleged insurance agreement that exists only between 242 and AXA, the two Plaintiffs.

23.     The dispute over the damage to the SCULPTURE that arises from the Consignment Agreement between the GALLERY and GELB is not before this Court.  It is the subject of the lawsuit brought by GELB against the GALLERY, not 242 or AXA. That matter is pending before the United States District Court in and for the Southern District of Florida, case number 12-CV-21307-WMH.  The Consignment Agreement does not subject GELB to the personal jurisdiction of this Court.

24.     The Plaintiffs' Complaint lacks Personal Jurisdiction and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

25.     The Plaintiffs allege that this Court has diversity jurisdiction over the subject matter pursuant to 28 U.S.C. §1332(a).  However, the Plaintiffs' allegations fail as a matter of law because they value that their claim at "$150 to $250" and pray for relief at that same value. (<u>See</u> Pls.' Compl. ¶¶ 14, 20 and Prayer for Relief ).

26.     The Plaintiffs' declared amount in controversy is well below the Court's jurisdictional floor of $75,000.00 as required by 28 U.S.C. §1332(a). Therefore, the Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

27.     GELB has never been lawfully served with either Summons or Complaint. Service of a sealed envelope on the Lobby Desk Agent at GELB's apartment building is not proper service of process.  Therefore, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, the Complaint should be dismissed for insufficient service of process.

28.     The Plaintiffs have failed to state a claim upon which the Court may grant relief.  The Plaintiffs have alleged a Declaratory Judgment claim pursuant to 28 U.S.C. §2201, the Declaratory Judgment Act.  The Act does not impart lawful jurisdiction or a legal claim and is superseded in New York courts by Section 3420 of the New York Insurance Law .

29.     GELB is not a party to the insurance contract between 242 and AXA. Third-party privity to an insurance contract is only established by a legal exception created by the legislation of Section 3420 of the New York Insurance Law. The Insurance Law exception potentially grants GELB, as the injured party, the right to bring a declaratory action against AXA, only in the future event that GELB obtains and notices a judgment against GALLERY which is declined by AXA for more than thirty (30) days.

30.     There is no legal exception in Section 3420 that grants the Plaintiffs a right to bring an action against GELB for their Insurance Contract to which GELB is not a party. Rather, the Insurance Contract between 242 and AXA places the two Plaintiffs in

privity, and they may pursue a declaratory action among themselves to establish the limitations of the insurance contract executed between them[3].

31.     The Plaintiffs lack standing to sue GELB in this Court and have failed to state a claim upon which relief may be granted. The Complaint should be dismissed *with prejudice* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

32.     The Second Circuit and United States District Court for the Southern District of New York have frequently dismissed Declaratory Actions when a dispositive action is pending in another court, and the declaratory action is hastily filed for forum-shopping purposes.  The matter here is factually identical and therefore, the Plaintiff's Complaint should be dismissed.

WHEREFORE, for the foregoing reasons and those more fully set forth in GELB's Memorandum of Law incorporated herein, GELB respectfully requests that this Honorable Court enter an Order dismissing the Plaintiffs' Complaint with prejudice.

## MEMORANDUM OF LAW

A court should generally accept a complaint as drafted, but courts are "not required to accept as true conclusory allegations or a legal conclusion couched as factual allegation." Bravia Capital Partners, Inc. v. Fike, 2010 WL 3359470, at *4 (S.D.N.Y. Aug. 25, 2010) (citing and quoting Papasan v. Allain, 478 U.S. 265, 268 (1986)).  The Complaint makes the false conclusion that GELB is a party to the Insurance Contract at issue herein, but which truly exists exclusively between AXA and 242.  In fact, GELB

---

[3] The fact that the same law firm represents both Plaintiffs raises the question of conflict, as it appears that at some time, the insurer, AXA, will likely deny any claim by the GALLERY for indemnification of its admitted liability.

was unaware that AXA was the GALLERY's insurer until the dispute arose.  Moreover, GELB has never negotiated, mutually assented, accepted, ratified, signed, or otherwise been made a party to the Insurance Contract between AXA and 242.

The Plaintiffs mix and match unrelated or inapplicable facts in an unsuccessful attempt to collect the elements necessary to state a cause of action to apply the insurance contract's limits to GELB's right to seek damages from the GALLERY.  There is no limiting term(s) in the consignment which would deny GELB anything other than the full extent of his losses.  The Plaintiffs have alleged a frivolous declaratory action for strategic purpose only.  The Complaint is no more than a legally non-existent, poorly-veiled, forum-shopping excuse to wrangle a bookmark law suit in a race to the courthouse.  However, the Complaint fails because it lacks personal jurisdiction, lacks subject matter jurisdiction, service of process has not been properly accomplished, and it fails to state a cause of action.  Equally important, in a race to the courthouse, declaratory actions lose and are dismissed. <u>See</u> <u>Great Am. Ins. Co. v Houston Gen. Ins. Co.</u>, 735 F. Supp. 581, 585 (S.D.N.Y. 1990).  For the numerous reasons set forth herein and individually addressed, below, the Plaintiffs' declaratory action should be dismissed.

## I.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)

"In a diversity action, personal jurisdiction is governed by the law of the forum state." <u>JLB Equities, Inc. v. Ocwen Fin. Corp.</u>, 131 F. Supp.2d 544, 547 (S.D.N.Y. 2001). It is the Plaintiffs' burden to establish jurisdiction over GELB.  <u>Daewoo Int'l (America) Corp. v. Orion Eng'g and Serv. Inc.</u>, 2003 WL 22400198, at *1 (S.D.N.Y. Oct. 20, 2003).

The Plaintiffs erroneously claim that the Court has authority to exercise personal jurisdiction over GELB pursuant to a long arm statute, N.Y.C.P.L.R. §302(a)(1).  The

statute requires and the Plaintiffs' allegations assert that GELB has transacted business subjecting himself to the Court's authority.  But, the Plaintiffs attempt to lead the Court to error by arguing personal jurisdiction based on the Consignment Agreement.  The cause of action alleged in the Complaint is based upon the wholly different Insurance Contract that exists exclusively between the two Plaintiffs, AXA and 242.

### A.  The Consignment between GELB and the GALLERY does not establish personal jurisdiction over GELB.

Moving to dismiss for lack of personal jurisdiction, GELB first addresses the consignment agreement between GELB and the GALLERY, which fails to establish personal jurisdiction.  The Plaintiffs vaguely allege that GELB is subject to the Court's personal jurisdiction because he has transacted business in New York with the GALLERY.

This Court has held that to establish jurisdiction pursuant to N.Y. C.P.L.R. §302(a)(1) the Plaintiffs must make a *prima facie* showing of GELB's "presence" by engaging in business "with some degree of permanence and continuity." Id.  "New York law requires that the defendant be present in New York not occasionally or casually, but with a fair measure of permanence and continuity." JLB Equities, Inc., 131 F. Supp. 2d at 548 (quoting Landoil Res. Corp. v. Alexander & Alexander Serv., Inc., 918 F.2d 1039, 1043 (2d. Cir. 1990)).  "[I]t is settled law in New York that interstate negotiations by telephone do not subject the caller to the jurisdiction of the receiver." Dogan v. Harbert Const. Corp., 507 F.Supp. 254, 261 (S.D.N.Y. 1980).  New York courts even decline to extend jurisdiction over nondomiciliaries who merely ship goods in to New York; business transactions must be a systematic engaging in business in New York. McGowan v. Smith, 52 N.Y.2d 268, 271-272 (4th Dep't. 1981).  Courts look at other factors relating

to the alleged transaction of business, including presence of NY bank accounts, ownership of real property in NY, or an office in NY. <u>JLB Equities, Inc.</u>, 131 F. Supp.2d at 548.

The Plaintiffs have not alleged any substantial or continuing contacts or presence by GELB sufficient to establish personal jurisdiction.  GELB has no New York bank accounts, no real property in New York, and no office in New York.  Upon the contingent sale of the SCULPTURE by the GALLERY, payment was to be delivered to GELB at his domicile and residence in Miami, Florida.

Akin to the <u>Daewoo</u> and <u>JLB</u> cases cited, *supra*, which were dismissed for lack of personal jurisdiction, none of the Consignment Agreement negotiations were conducted in New York.  The agreement was negotiated with the GALLERY's agent, Laurie Harrison, via telephone and internet, and then the Consignment Agreement was delivered to GELB via internet for execution in Miami, Florida.

Finally, the Consignment Agreement with GELB is not the basis of the Plaintiffs' declaratory action.  And, the nature of formation and execution of the Consignment Agreement are insufficient to allege personal jurisdiction over GELB in New York.  Therefore, the Plaintiffs have failed to establish a *prima facie* case for meeting the jurisdictional requirements of §302(a)(1) to assert personal jurisdiction over GELB.  The Plaintiffs' Complaint lacks personal jurisdiction and should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**B.  The Insurance Contract between AXA and 242 does not establish personal jurisdiction over GELB.**

With respect to the Insurance Contract which is at issue in this matter, the Court must look at the totality of GELB's purposeful activities in New York with relation to the contract *at issue* in the cause of action to determine if jurisdiction exists. See Dogan, 507 F. Supp. at 260.  To establish personal jurisdiction over a nondomiciliary there must be a direct articulable nexus between the alleged business transacted and the Plaintiffs' cause of action. McGowan, 52 N.Y.2d at 272.  In sum, two conditions must be met: "first, the nondomiciliary must 'transact business' within the state; second, the claim against the nondomiciliary must arise out of that business activity." CutCo Indus. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986) (citing McGowan, 52 N.Y.2d at 272) .  As argued, *supra*, casual or occasional contacts are insufficient to establish a presence in New York; there must be "a fair measure of permanence and continuity."  JLB Equities, Inc., 131 F. Supp.2d at 548.

In this case, the formation of the insurance agreement between AXA and 242 is the focus and subject of the Plaintiffs' Declaratory Action against GELB; and, it is the only contract at issue for this Court.  GELB has never transacted business with AXA.  He has never negotiated a contract with AXA nor paid premiums to AXA.  AXA is not mentioned anywhere in the Consignment Agreement between GELB and the GALLERY. As a matter of law, GELB is not a party to any contract with AXA. See, e.g., Historical Design, Inc. v. AXA Art, 907 NYS2d 437,*3-*4 (NY Sup Ct, New York County 2010).

Notwithstanding the insufficiency of the Consignment Agreement to establish personal jurisdiction, the Plaintiffs' cause of action can not invoke personal jurisdiction because it is founded upon a wholly different Insurance Contract to which GELB is not a party.  The Consignment Agreement is not the subject of this Declaratory Action.  The

Declaratory Action is premised on the Insurance Contract between AXA and 242. The Insurance Contract may limit AXA's duty to 242, but does not create personal jurisdiction over GELB. The Plaintiffs have failed to establish a *prima facie* case for meeting the jurisdictional requirements of §302(a)(1) to assert personal jurisdiction over GELB. Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Complaint should be dismissed for lack of personal jurisdiction.

## II. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(b)(1)

Plaintiffs allege that 28 U.S.C. 1332(a), Diversity Jurisdiction, grants the Court subject matter jurisdiction for adjudicating the relief sought by the Complaint. Pursuant to 28 U.S.C. 1332(a), Diversity Jurisdiction requires an amount or sum in controversy exceeding $75,000.00, (Seventy-Five Thousand Dollars). The Supreme Court has long defined that when measuring for Diversity Jurisdiction, "**the sum claimed by the plaintiff[s] controls**." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (emphasis added). The relief requested by the plaintiffs is the measure of the jurisdictional value. Id.

The Plaintiffs AXA and 242 seek a remedy for a claim they repeatedly value at "$150 to $250." (See Pls.' Compl. ¶ 14, 20, ECF No. 1). Likewise, in section (a) of the Plaintiffs' prayer for relief, they seek a remedy valued at "$150 to $250," far below the jurisdictional floor. (See Pls.' Compl. Prayer for Relief). GELB does not concede the Plaintiffs' claim and does not waive his right to seek full damages remedy from the GALLERY. (See Pls.' Compl. ¶¶ 14, 20 and Prayer for Relief). However, for purposes of diversity jurisdiction, it is the Plaintiffs' burden and pleadings which control. Id.

GELB's demands are not relevant nor for consideration. When a Plaintiff's claim appears on its face to be for less than the jurisdictional amount, dismissal is appropriate. St. Paul Mercury Indem. Co., 303 U.S at 288-289. Unarguably, the Plaintiffs conclusively and repeatedly allege that their claim is valued well below the statutory minimum. Therefore, the Plaintiffs' Complaint does not meet the requirements of 28 U.S.C. 1332(a)  and pursuant to Rule 12(b)(1), should be dismissed for lack of subject matter jurisdiction.

**III.   THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO RULE 12(b)(5)**

The Plaintiffs have failed to execute service of process.  On the late afternoon of April 6, 2012, while GELB was away from his home attending a Passover Seder, the Plaintiffs' Process Server attempted to serve GELB.  The Lobby Desk Agent for GELB's residential apartment building offered to allow the Process Server unannounced access to GELB's residential unit.  The Process Server refused the Lobby Desk Agent's offer and informed her that he knew GELB was not at home.  Instead, the Process Server asked to leave a sealed, unmarked envelope with unidentified contents with the Lobby Desk Agent. (See Ex. F).

In Reliance Audio Visual Corp. v. Bronson, the court held that only when a doorman denies access to a process server, does the outer bounds of a party's dwelling space extend from his door to the lobby of an apartment house. 534 N.Y.S.2d 313, 315 (N.Y. City Civ. Ct. 1988).  This Court concurs with the Bronson opinion and summarized, "[w]hen the server is free to proceed to the defendant's actual apartment and fails to do so, however, even delivery to a doorman is improper." Fed. Home Loan Mortg. Corp. v. 666 St. Nicholas Assoc., 1995 WL628998, at *3 (S.D.N.Y. Oct. 25, 1995) (citing McCormack v. Goldstein, 611 N.Y.S.2d 185, 186 (1st Dep't. 1994))

(dismissing complaint for lack of personal jurisdiction because service on doorman was not effective when process server was not "barred from reaching defendant's apartment").

The affidavit of GELB's Lobby Desk Agent expressly states that she offered the Process Server access, which the Process Server declined.  The Lobby Desk Agent in GELB's building did not impede the process server's progress and leaving the Complaint and summons at the lobby desk did not constitute proper service. Therefore, the Complaint should be dismissed for Insufficient Service of Process pursuant to Federal Rules of Civil Procedure, 12(b)(5).

## IV.   THE COMPLAINT SHOULD BE DISMISSED *WITH PREJUDICE* FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO RULE 12(b)(6)

### A.  The Plaintiffs have No Privity and No Standing to seek a Declaratory Action against GELB

The Plaintiffs wrongly attempt to assert a cause of action by concluding that GELB can not seek damages beyond the limits of the Insurance Contract.  However, nowhere under the Consignment Agreement does GELB waive any right to full recovery for damages to his SCULPTURE.  GELB is only a party to the Consignment Agreement that has no expressed limitation on the GALLERY's liability and no statement that GELB is bound in any way to the alleged Insurance Contract between 242 and AXA.  In fact, nowhere in the Consignment Agreement is AXA or 242 ever identified.

"It is well settled that bare legal conclusions and factual claims, which are inherently incredible or flatly contradicted by documentary evidence . . . are not presumed to be true on a motion to dismiss for legal insufficiency." O'Donnell, Fox & Gartner v R-2000 Corp., 198 A.D.2d 154, 154 (1st Dep't. 1993); see also Bravia Capital

Partners, Inc., 2010 WL 3359470, at *4. The Plaintiffs have figuratively cut-and-pasted selected snippets of two separate and unrelated contracts to frivolously fabricate a non-existent cause of action for declaratory relief. As asserted more than once herein, GELB is not a party to the Insurance Contract between 242 and AXA.   The Plaintiffs conclusively allege that the Consignment Agreement between GELB and GALLERY creates a contractual agreement between GELB and AXA. (See Pls.' Compl. ¶ 15). They incorrectly allege that the brief terms and conditions of the Consignment Agreement extend beyond its actual 4-corners to entitle the Plaintiffs to limit GELB's lawful right to recover for damages to his SCULPTURE.

A contract is not formed by bare, unidentifiable reference, it requires the long established elements of an "offer, acceptance, consideration, mutual assent, and an intent to be bound.  Mutual assent requires a meeting of the minds . . . on all essential terms." Prince of Peace Enter., Inc. v. Top Quality Food Market, LLC, 760 F. Supp.2d 384, 397 (N.Y.S.D. 2011).   Absent a meeting of the minds on all essential terms, no contract exists. See id.

AXA is fully aware of the necessary elements for a contractual agreement, having successfully moved for dismissal where a plaintiff seeking indemnification for loss from AXA was denied relief because no express writing existed between it and the plaintiff. See Historical Design, Inc. v. AXA Art, 907 NYS2d 437,*3-*4 (NY Sup Ct, New York County 2010) (unreported slip opinion) (citing Moleon v. Kreisler Bork Florman Gen. Constr. Co., Inc., 304 AD.2d 337, 339 (N.Y. 1st Dept. 2003)).   GELB has never negotiated to contract with AXA.   Neither 242 nor AXA are mentioned in the Consignment Agreement GELB entered with the GALLERY. Nothing in the

Consignment Agreement can be construed to form any contractual relationship between GELB and AXA. The Consignment Agreement drafted by the GALLERY merely states that in the event of damage to GELB's SCULPTURE, the GALLERY will seek to partially indemnify any losses through its unnamed insurer and thereby assume liability for the balance.  Without mutual assent or any meeting of the minds, no contract or privity exists between GELB and AXA.

The Plaintiffs' one-count direct action Complaint demands declaratory judgment pursuant to 28 U.S.C. §2201, the Declaratory Judgment Act, based on the terms of the alleged Insurance Contract between AXA and 242.  The Consignment Agreement between GELB and the GALLERY has no limitations on the GALLERY's liability or GELB's right to pursue damages.  Yet, the Plaintiffs' direct action against GELB seeks to limit his right to recover damages from the GALLERY by rewriting and inserting the terms of the alleged Insurance Contract into the Consignment Agreement.

The on-point precedent in this Court rules that the Federal Declaratory Judgment Act "does not confer or expand federal subject matter jurisdiction, nor establish an independent basis for a cause of action." NAP, Inc. v. Shuttletex, Inc., 112 F.Supp.2d 369, 376 (S.D.N.Y. 2000); see also Great Am. Ins. Co. v Houston Gen. Ins. Co., 735 F. Supp. 581, 585 (S.D.N.Y. 1990) (28 U.S.C. §2201 does not create an independent basis for jurisdiction) (citing Warner-Jenkinson Co. v Allied Chemical Corp., 567 F.2d 184, 186 (2d Cir. 1977)).  So as not to "disturb the federal-state jurisdictional equilibrium" the Court looked to the "substantive design contemplated by the [New York] State Insurance Law [§3420]" and dismissed the complaint for lack of standing. Id.  "[T]he New York Insurance Law provisions are 'substantive statute[s] and that . . . invocation of the federal

declaratory judgment procedure must yield to the outcome that proper application of state law would indicate.'" Hartford Fire Insurance Co. v. Mitlof, 123 F.Supp.2d 762, 764 (S.D.N.Y. 2000) (quoting NAP, Inc., 112 F.Supp.2d at 372)).

The NAP Court observed that an injured plaintiff who, like GELB, is not a party to an insurance contract, has no standing to bring a cause of action. NAP, Inc., 112 F.Supp.2d at 378.  In its conclusion, this District Court elaborated that an injured party standing in GELB's shoes has no present rights flowing from the contract between AXA and 242.  **A party not in privity to an insurance contract would only have standing to bring suit because §3420 of the Insurance Statutes creates an express exception; and, that exception is not legally active or applicable until after the *injured party* meets the contingency of a judgment against the insured tortfeasor.** See id.  Section 3420(a)(2) authorizes direct actions "only when a judgment against the insured person has remained unsatisfied for 30 days from the date of service of notice of entry of a judgment." NAP, Inc., 112 F.Supp.2d at 371.  The statutory prerequisites must be met before an *injured party*, who is not in privity to the insurance contract, can seek recovery from the insurer. NAP, Inc., 112 F.Supp.2d at 373.

The opinion of the District Court for the Southern District of New York is also the rule of law adopted by the Eastern District of New York that was applied  in a declaratory action. See Vargas v. Boston Chicken, Inc., 269 F.Supp.2d 92 (E.D.N.Y. 2003).  Concurring with NAP,  the Vargas court also granted an insurer's motion to dismiss a declaratory action for lack of standing pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court held that "[s]ection 3420 requires a third party to obtain a

judgment against an insured before she may enforce a right to contribution or indemnification against an insurer." <u>Vargas</u>, 269 F. Supp.2d at 96.

It should be axiomatic that if GELB can not bring suit against AXA for declaratory judgment without privity or the legislated exceptions of New York Insurance Statute, §3420, the reverse is true as well. GELB is not a party to the Insurance Contract. Therefore, neither AXA nor 242 can assert an action which would bind GELB to their separate Insurance Contract. Equally notable, the New York Insurance Statute, §3420, does not carve out any legal exception which would grant the insured or the insurer the power to limit GELB's lawful right to seek damages against the tortfeasor. Similarly, the New York Insurance Statute does not carve out an exception for the insurer, AXA, to use the Consignment Agreement to bring an action against GELB or limit his right to seek damages from a tortfeasor.

The Plaintiffs lack privity and thereby lack standing. Without standing, they fail to state a cause of action upon which the requested relief can be granted. Pursuant to Rule 12(b)(6), the instant matter should be dismissed *with prejudice.*

**B. The Complaint should be dismissed because Declaratory Actions do not win the race to the courthouse**

The Plaintiffs' Complaint is intended to establish a frivolous bookmark action in an attempt to win the race to the courthouse and gain a forum advantage. Even when filed first, this Court repeatedly holds that **"[w]hen the declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiff's chosen forum."** <u>Great Am. Ins. Co. v Houston Gen. Ins. Co.</u>, 735 F. Supp. 581, 585

(S.D.N.Y. 1990) (emphasis added).  The Court rejected the "first-filed rule" because a declaratory action was created as an opportunity to have a dispute timely resolved rather than wait on an injured party's delays, which may prejudice an insurer. <u>Id.</u>

On April 2, 2012, GELB served the GALLERY with a demand letter.  Attached to the demand letter was a courtesy copy of GELB's Complaint and notice that it would be filed on April 5, 2012 if resolution could not be reached. (<u>See</u> Ex. C).  The Plaintiffs filed their law suit on April 3, 2012 and then waited until the close of business on April 4, 2012 to inform GELB's attorney that an unidentified cause of action was initiated. (<u>See</u> Ex. D).  No copy of the Plaintiffs' law suit was attached to the correspondence and the case information provided was coincidentally transposed incorrectly, "224 Partners," instead of "242 Partners."  There is no entity in NY named 224 Partners.  The case did not appear on the ECF docket until April 5, 2012.

This Court aligned itself with the Second Circuit analysis in <u>Factors Etc., Inc. v Pro Arts, Inc</u>., 579 F.2d 215 (2d Cir. 1978) (abrogated on other grounds).  Finding the identical facts and law in <u>Factors</u> applicable, it dismissed the first-filed declaratory action. <u>See</u> <u>Great Am. Ins. Co.</u>, 735 F.Supp. at 585-586.  Like <u>Factors</u>, the declaratory action plaintiff in <u>Great American Insurance Company</u> received advance notice of a party's intent to file suit. <u>See</u> <u>id.</u>  Directly re-quoting Supreme Court Justice Brennan from the Second Circuit opinion, this Court concluded and dismissed the declaratory action because, "'**the federal declaratory judgment is not a prize to the winner of a race to the courthouses.**'" <u>Id.</u>  (emphasis added). "**In fact, the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum of choice of**

**the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action."** Id. (emphasis added).

In another factually identical action this Court again dismissed a first-filed declaratory action. See Sturge v. Diversified Transport Corp., 772 F.Supp. 183, 188 (S.D.N.Y. 1991). The Court also founded its ruling on the finding of fact that "the filing of the action before this Court was triggered by the notice of suit given to plaintiffs by the moving defendants. This factor militates in favor of dismissal of this action." Id.

The Court in Bravia Capital Partners, Inc. cited and concurred with the rules of law articulated in Factors, Great American Insurance Company, and Sturge, but distinguished its opinion and only denied dismissal because there were "no other pending actions between the parties in any court." 2010 WL3359470 *3-4 (S.D.N.Y. 2010).

The facts and circumstances herein are not distinguishable from the cited precedent cases that dismissed the first-filed declaratory actions. The Plaintiffs *sub judice* raced to the courthouse when GELB provided advance noticed of his intent to seek judicial intervention, including providing a courtesy copy of the law suit that would be filed within two days. The Plaintiffs' allegations confirm that they reviewed the demand letter and GELB's choice of a Florida venue, and in an attempt to avoid a foreign forum, sped to the courthouse to file a legally and factually unsubstantiated declaratory action. The case precedent is uniformly concrete; this Court dismisses declaratory actions when a party is provided advance notice of a coming law suit, "particularly when there is a pending proceeding in another court, state or federal, that will resolve the controversies between the parties." Great Am. Ins. Co., 735 F. Supp. at 584 (citations omitted); see also Factors Etc., 579 F.2d. at 219; Sturge, 772 F.Supp. at 188.

As analyzed, applied, and argued, supra, the Plaintiffs are not afforded any exception by New York Insurance Law §3420 to assert a declaratory action against a party not in privity to the insurance contract.  However, even if the declaratory action had standing, the United States District Court in the Southern District of New York dismisses declaratory actions that are hastily asserted to circumvent an injured party's chosen forum.  The Plaintiffs abused the professional courtesy of the Defendant, GELB, and the matter should be dismissed in its entirety for the foregoing reasons and because a dispositive action is current in the Southern District of Florida.

## CONCLUSION

WHEREFORE, Defendant, SEAN GELB, respectfully requests that this Honorable Court enter an order that the Plaintiffs' Declaratory Action should be dismissed for lack of personal jurisdiction, lack of subject matter jurisdiction, and insufficient service of process; and should be dismissed *with prejudice* for failure to state a claim upon which relief can be granted, and for all other reasons argued and set forth herein.

Dated: April 27, 2012

Respectfully submitted,


By: __/s/  Brooke Terpening_____
Brooke Terpening, Esq.
FBN: 59574
The Lenamon Law Firm
100 N. Biscayne Blvd, Suite 3070
Miami, FL 33132
Phone: 305.373.9911 x109
Fax: 786.425.2380
E-mail: brooke@lenamonlaw.com
