UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

242 PARNERS, L.P., d/b/a James Cohan Gallery
and AXA ART INSURANCE CORPORATION,

          Plaintiff,

-against-

SEAN GELB

          Defendant.

---

Case No. 12-cv-2561 (HB)

DECLARATION OF
SEAN GELB IN SUPPORT OF
HIS MOTION TO DISMISS

    SEAN GELB does hereby declare under penalty of perjury that the following is true and accurate to the best of his knowledge:

    1.    I am the owner of a unique sculpture, ("SCULPTURE"), by Roxy Paine that was damaged by James Cohan Gallery, ("GALLERY").

    2.    On January 13, 2012, in Miami, Florida, I executed a consignment agreement drafted and e-mailed to me by the GALLERY. No where in the agreement is there any limitation to my rights to recovery for damage to the SCULPTURE. Neither 242 partners nor AXA are ever mentioned in the consignment or were discussed in negotiations with the GALLERY. The agreement does not require that I must allow any repair or restoration or that I must accept the SCULPTURE back in damaged, repaired, restored, or otherwise value-impaired condition.

    3.    The GALLERY informed me by phone, voice mail, and e-mail on March 8, 2012 that the SCULPTURE was damaged by the GALLERY while in its exclusive care and control and that the GALLERY accepted responsibility for causing the damage.

4.      Subsequently, the GALLERY informed me that it would not discuss the damage and that I was obligated to speak with its insurer, AXA.

5.      I have never contracted with nor negotiated to contract with AXA.

6.      The damage to an integral and important aspect of the SCULPTURE has been minimized by the GALLERY's or AXA's failure to recognize that the damage and proposed repair substantially and permanently impair its value.

7.      The GALLERY and AXA have offered to have their personally selected conservationist repair the work. The conservationist's report confirms that there is irreversible damage and loss of wood fibers from the SCULPTURE, but fails to recognize that the damaged wood is part of the SCULPTURE and not merely a frame. And, despite a detailed description, the conservationist is uncertain of the type of wood.

8.      The proposed repair by the GALLERY fails to address actual costs or diminished value of the SCULPTURE due to the damage. The proposal does not compensate for my losses.

9.      On April 2, 2012, a Demand Letter was sent on my behalf to the GALLERY.  Attached or appended to the Demand was a copy of my Complaint. The letter informed that if resolution could not be agreed by close of business on April 4, 2012, the Complaint would be filed immediately.

10.     On April 3, 2012, the GALLERY acknowledged receipt of the demand letter and draft Complaint.

11.     My Complaint against the GALLERY was filed in the District Court for the Southern District of Florida on April 5, 2012.

12. I have never been personally served with the Complaint filed in this Court by AXA and 242 Partners.

13. Due to the Passover Holiday, I was away from my home on the afternoon of April 6, 2012.

14. I do not own any real property in New York. I do not have an office in New York. I do not have a bank account in New York.

15. All documents relevant to my Motion to Dismiss and my declarations, herein, are referenced and attached to my Motion.

SEAN GELB            4/27/12
                     Date

*Case No 12-cv-2561 (HB)*
3