UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
242 PARTNERS, L.P., d/b/a James Cohan        :
Gallery and AXA ART INSURANCE                :
CORPORATION,                                 :
                                             :
    Plaintiffs,                              :
                                             :    12 CV 2561 (HB)
          - against -                      :
                                             :    OPINION &
SEAN GELB,                                   :    ORDER
                                             :
    Defendant.                               :
------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

    Before the Court is a motion to enjoin Defendant Sean Gelb ("Defendant" or "Gelb") from prosecuting a second-filed action in Florida brought by Plaintiffs 242 Partners, L.P. d/b/a James Cohan Gallery (the "Gallery") and AXA Art Insurance Corp. ("AXA," and collectively, "Plaintiffs"). Also before the Court is Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2), lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), insufficient service of process pursuant to FRCP 12(b)(5), and failure to state a claim upon which relief may be granted pursuant to FRCP 12(b)(6). For the reasons set forth below, Plaintiffs' motion to enjoin the Florida action is DENIED, and the Court orders that Plaintiffs' declaratory judgment action is dismissed.

## I.  BACKGROUND

    Defendant, a Floridian, entered into a consignment agreement (the "Agreement") with the New York-based Gallery in January 2011 whereby the Gallery tried to sell several of Defendant's art pieces. Cohan Decl. ¶ 3; Pls.' Reply 1. AXA insured the Gallery during the Agreement. Pls.' Mem. 2. In March 2012, after 15 months without a sale, Gelb and the Gallery terminated the Agreement. Cohan Decl. ¶ 5. Upon preparing to return the works of art, the Gallery noticed that one of the pieces (the "Work"), had sustained damage while in the Gallery's custody. *Id.* at ¶ 6. The Gallery informed Gelb of the damage and offered to pay the cost of

repair through its insurance policy with AXA. Cohan Decl. ¶ 8; Gelb Decl. ¶ 7. A conservator hired by the Gallery estimated the cost of repairs to be between $150 and $350. Cohan Decl. ¶ 7.

Gelb refused the Gallery's offer, demanding compensation well in excess of the estimated cost of repair. Cohan Decl. ¶ 9. Gelb first requested $92,500, the Work's value in undamaged condition, according to Gelb. Adelman Decl. Ex. B. Gelb accompanied this request with a threat to commence litigation within 30 days and to tarnish the Gallery's professional reputation if the Gallery failed to pay. *Id.* On April 2, 2012, Gelb increased his request to $125,000. Adelman Decl. Ex. C, at 1. Gelb provided the Gallery with a copy of a draft complaint and informed it that he would immediately commence litigation and pursue damages of $200,000 if the Gallery did not accede to his request by 6:00 PM on April 4, 2012. *Id.*

On April 3, 2012, Plaintiffs filed suit in this Court seeking a declaratory judgment to limit their liability to the estimated amount of repairs. Compl. ¶ 20. Gelb, in turn, filed suit in the Southern District of Florida on April 5, 2012. Adelman Decl. Ex. D. Invoking the first-filed rule, Plaintiffs moved to enjoin the Florida action and asserted that the Florida action should be combined with their New York action as a compulsory counterclaim under FRCP 13(a). Pls.' Mem. 3-4. Defendant responds that Plaintiffs' suit was an improper anticipatory filing—one brought in direct response to a threat of litigation—and should be dismissed. Def.'s MTD 18. Defendant also moves for dismissal on all of the grounds cited above. *Id.*

## II. DISCUSSION

### A. Circumstances Warrant a Departure from the First-Filed Rule

There is a "strong presumption in favor of the forum of the first-filed suit," *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994), and any party that claims its case qualifies for an exception "bears the burden of overcoming the presumption by showing that equitable considerations recommend the later action." *Pippins v. KPMG LLP*, No. 11 Civ. 0377 CM, 2011 WL 1143010, at *2 (S.D.N.Y. Mar. 21, 2011) (internal quotations and citation omitted).

An anticipatory filing, such as the Defendant contends occurred here, happens when a party files an action, most often for declaratory judgment, in response to a "notice-of-suit." *CGI Solutions LLC v. Sailtime Licensing Grp., LLC*, 05 Civ. 4120 (DAB), 2005 WL 3097533, at *3 (S.D.N.Y. Nov. 17, 2005) (citations omitted). The first-filed action will be dismissed where "it

attempts to exploit the first-filed rule by securing a venue that differs from the one that the filer's adversary would be expected to choose." *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995).  Courts assess how clearly an opponent threatens litigation to determine whether an exception to the first-filed rule applies. *AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 470 (S.D.N.Y. 2010). *Compare CGI Solutions*, 2005 WL 3097533, at *3-*4 (holding that plaintiff's pursuit of declaratory judgment, filed shortly after defendant threatened to "pursue all civil remedies available," warranted exception to the first-filed rule) (internal citations omitted), *and Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990) (holding that plaintiff's declaratory judgment action, filed days after receiving defendant's date-specific threat of legal action, warranted exception to the first-filed rule), *with 800-Flowers, Inc.*, 860 F. Supp. at 132–33 (S.D.N.Y. 1994) (holding that defendant's action for declaratory judgment, filed in response to plaintiff's business-related threats and comments to defendant's customers about potential litigation, did not warrant exception to the first-filed rule), *and Emp'rs Ins. of Wausau v. Prudential Ins. Co. of Am.*, 763 F. Supp. 46, 49 (S.D.N.Y. 1991) (noting that one party's letter expressing a "hope . . . to avoid litigation" did not provide adversary with sufficient notice of impending litigation).

      The instant case was clearly an anticipatory filing.  As in *Great Am Ins.*, 735 F. Supp. at 586, Plaintiffs filed for declaratory judgment in response to a date-specific threat of litigation. Adelman Decl. Ex. C., at 1.  Plaintiffs contend that this action should remain here and that the first-filed rule is applicable. Pls.' Reply 4.  However, unlike in *800-Flowers, Inc.*, on which Plaintiffs rely, where there was no direct threat of litigation, here Plaintiffs received both legal and business-related threats and did not pursue a declaratory judgment until after receiving a copy of the draft complaint with a specific date for its filing. Adelman Decl. Exs. B, C; Compl. ¶ 20.  Because Plaintiffs received clear notice of Defendant's intent to litigate, Plaintiffs' pursuit of a declaratory judgment appears to have been motivated far more by procedural gamesmanship and a sprint to the courthouse—two concerns that justify a departure from the first-filed rule— than any attempt by Plaintiffs to clarify their rights and obligations.[1]

---

[1] Plaintiffs believe that "settlement discussions," as opposed to a demand for payment, are required to conclude that a filing was an improper anticipatory filing. Pls.' Mem. 9.  I have found no case that so holds.  Although when a first-filed action is commenced during settlement discussions, this suggests that the filing was anticipatory, *see, e.g.*,

### B. Balance of Convenience Factors

The second exception to the first-filed rule allows a court to retain jurisdiction over the second-filed action on the grounds that a balance of the convenience factors favors that forum. *Emp'rs Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Here, Plaintiffs also argue that I ought to retain jurisdiction over this action because the convenience factors favor New York. This argument is without merit. The issue of whether a filing constitutes a special circumstance such as an improper anticipatory filing is a threshold test; it does not work in conjunction with the test's second exception. *See, e.g.*, *id.* at 276 (noting sequential nature of exception test to first filed rule: "[w]here special circumstances are not present, a balancing of the conveniences is necessary"); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 560 (S.D.N.Y. 2000) (recognizing that an assessment of convenience factors occurs after a party fails to demonstrate an improper anticipatory filing). An improper anticipatory filing deprives the (true) plaintiff of its choice of forum. *See CGI Solutions*, 2005 WL 3097533, at *7 ("Declaratory judgment actions are not meant to permit parties who fear the looming incubus of litigation to dodge a particular forum.").

### C. Dismissal of Plaintiffs' Action for Declaratory Judgment

Plaintiffs bring their action pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201. Even if a party satisfies the requisite jurisdictional and statutory standards, courts retain significant discretion under the DJA to decline to hear declaratory judgment actions. *Sturge v. Diversified Transp. Corp.,* 772 F. Supp. 183, 186 (S.D.N.Y. 1991). In exercising its discretion, "[t]he Court . . . must look at more than just the mechanical application of the declaratory judgment standard. The Court must look at the litigation situation as a whole in determining whether it is appropriate for the Court to exercise its jurisdiction over the declaratory judgment action before it." *Great Am. Ins.*, 735 F. Supp. at 585. An exploitative use of the DJA by a party to procure a "procedural advantage" and deny its adversary a preferred forum "militates in favor of dismissing the declaratory judgment action." *Id.* at 586.

I conclude, as did the court in *CGI Solutions*, that I must deny Plaintiffs' motion to enjoin the second-filed action and dismiss this action. 2005 WL 3097533, at *4, *8. As a result, I need

---

*Ontel*, 899 F. Supp. at 1150, courts conclude that an action is an anticipatory filing merely where there was a date-certain for litigation accompanied by a demand for payment. *See, e.g.*, *Great Am.*, 735 F. Supp. at 586.

4

not consider the alternative arguments for dismissal raised in Defendant's motion to dismiss.[2] Lest the Defendant be misled, he should be aware that while this decision represents the law as I read it, assuming the facts are true as represented in the papers, his conduct is hardly worthy of commendation.

## III. CONCLUSION

I have considered the parties' remaining arguments and find them to be without merit. For the reasons stated above, Plaintiffs' motion to enjoin the Florida action is DENIED. The Court further Orders that Plaintiffs' Declaratory Judgment Action is DISMISSED. The Clerk of Court is further instructed to close the motions and this case.

**SO ORDERED**
**June 17, 2012**
**New York, New York**

**Hon. Harold Baer, Jr.**
**U.S.D.J.**

[2] Because the Florida action apparently "involves the same legal issues and the same factual issues as the New York Lawsuit," Pls.' Mem. 6, I conclude that transfer of this suit is unnecessary. *CGI Solutions*, 2005 WL 3097533, at *5 ("To transfer this largely repetitive case to [the second-filer's forum] would duplicate that tribunal's work.").